## VALIDITY OF SEWER ASSESSMENT AGAINST ACREAGE TRACT.

Court of Appeals for Hamilton County.

HORATIO W. BURCKHARDT ET AL V. CITY OF CINCINNATI ET AL.

Decided, November 29, 1915.

*Sewers—Assessment Against Acreage Tract—Held Valid Although Present Buildings Could Not be Connected with the Sewer.*

Where an acreage tract improved by only one dwelling but susceptible of subdivision to better advantage with lots fronting in part upon a street in which a sewer has been constructed, which is available for the sewerage of the lots abutting it, but not for the dwelling now on said land, the assessment for such sewer will not be held invalid but the lien for same will be restricted to so much of the land as abuts upon such sewer to the usual depths of lots in the neighborhood. (Section 3813, General Code.)

*Black, Swing & Black,* for plaintiffs.
*Walter M. Schoenle* and *Frank K. Bowman,* City Solicitors, contra.

JONES (Oliver B.), J.

Plaintiffs own a tract of land of about seventeen acres, not subdivided into lots, lying on the northwesterly side of Madison road. It is now improved with but one dwelling house thereon which is located south of the center and fronts towards Madison road, and which has no sewer connections, the house drainage being carried into a cess pool. The eastern boundary is Vista avenue, which runs northwardly from Madison road. The natural drainage of the land is to the west and south.

Under certain proceedings of the council of the city of Cincinnati, commenced by the resolution declaring it necessary to improve by sewering, passed December 27, 1910, sewers were constructed in certain streets, including that part of Vista avenue abutting 280 feet along the northern part of plaintiff's

property, and an assessment was levied on each front foot of the lands abutting thereon of $1.60 to pay the cost and expense of such improvement, by an ordinance passed November 13, 1911.

Under a contract dated April 11, 1913, plaintiffs granted to the city of Cincinnati the right to construct and maintain a trunk sewer through the western part of their lands, which should carry off the surface drainage and storm water of the adjoining lands, and plaintiffs were given the right to tap such sewer without assessment or charge to them for the purpose of connecting such tributary sewers as they might thereafter see fit to build in accordance with city specifications, for the sewering and drainage of their property as it should be developed. Madison road was also improved by the construction of a sewer therein.

Plaintiffs seek in this action to enjoin the collection of the assessment for the Vista avenue sewer on the ground that it can be of no benefit to their property because it is only three to four feet below the basement of the present residence, and that their premises do not need local drainage and are otherwise sufficiently provided therewith (Section 3819, General Code).

It would probably not be practical to use this sewer in Vista avenue for the house drainage of the present residence because of its depth and the fact that it is so far from the residence, and the natural topography would make a sewer connection preferable either with the sewer in Madison road or with the trunk sewer in the ravine in the western part of the premises. But the property might be so divided as to lay out lots on Vista avenue fronting that part in which the sewer is laid, and houses built thereon could be so constructed as to tap and use this sewer; and under the doctrine of *Cincinnati* v. *Bickett*, 26 Ohio St., 49, and *Ford* v. *Toledo*, 64 Ohio St., 92, the assessment for this sewer should be sustained. In levying the assessment against this property council should have fixed the depth to which the lien would attach to the fair average depth of lots in the neighborhood (Section 3813, General Code). If so desired, that may be fixed now in the decree.

It appears to the court that if the present arrangement for the sewerage of these premises had been in existence at that time, so far as this property is concerned that part of Vista avenue abutting it might have been omitted; but there is nothing before the court to show that it may not have been necessary for the drainage of property on the opposite side of Vista avenue.

This improvement had been made and the assessment levied some time before the sewerage contract was entered into between plaintiffs and the city, and the fact that it was not mentioned in that contract leads to the belief that it was not intended by the parties that the arrangement made therein should in any way affect the validity of the Vista avenue assessment. It must therefore be held legal, and plaintiff's petition is dismissed.

JONES (E. H.), P. J., and GORMAN, J., concur.